**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01926 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of New York, sues the United States and the State of New York. *See* Compl. at 1. The Complaint is vague and sparse. Plaintiff broadly complains about judges in the U.S. District Court for Southern District of New York and the U.S. Court of Appeals for the Second Circuit, and he alleges only that "New York seems to have switched from vocational rehabilitation problems to university problems," and that the "District of Columbia said they have no link/interest to/in the federal government, and basically do the same thing." *See* Compl. at 1. He seeks damages and asks that this Court "shut down the vocational rehabilitation programs" and "shut down the universities." The remainder of the Complaint consists of exhibits that Plaintiff does not take the time to incorporate or explain, *see* D.C. Local Civil Rule 5.1(e).

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See* *Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint

to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's bare and ambiguous allegations fall well short of providing sufficient notice of any claim, setting forth this Court's subject matter jurisdiction, or establishing that venue is proper in this District.

Accordingly, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: August 26, 2026

__________/s/_____________
AMIT P. MEHTA
United States District Judge